**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

RECEIVED
in Clerk's Office
NOV 20 2018
U.S. District Court
Middle District of TN

November 1, 2018

Lincoln National Life Insurance Company
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 65676

Certified Mail
Return Receipt Requested
7017 1450 0002 1333 1530
Cashier # 41498

Re: Timothy Benson V. Lincoln National Life Insurance Company

Docket # 3:18-CV-1197

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 31, 2018, on your behalf in connection with th above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Federal District Court Clerk
801 Broadway #800
Nashville, Tn 37203

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| TIMOTHY BENSON<br>*Plaintiff*<br>v.<br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (A/K/A LINCOLN FINANCIAL GROUP)<br>*Defendant* | ) | Civil Action No. 3:18-cv-1197 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The Lincoln National Life Insurance Company (A/K/A Lincoln Financial Group)
c/o Registered Agent: Tennessee Commissioner of Insurance
Tennessee Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: K. Cody Allison, Esq.
Cody Allison & Associates, PLLC
Parkway Towers
404 James Robertson Parkway- Ste. # 1623
Nashville, TN 37219

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE

*CLERK OF COURT*

Date: 10/24/2018

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**TIMOTHY BENSON,**

**Plaintiff;**

**Case No.:** 3:18-cv-01197

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (A/K/A LINCOLN FINANCIAL GROUP),**

**Defendant.**

---

**COMPLAINT**

---

COMES NOW Plaintiff, Timothy Benson (hereinafter "**Plaintiff**" or "**Mr. Benson**"), by and through his attorneys, and for his Complaint against Defendant, The Lincoln National Life Insurance Company (a/k/a Lincoln Financial Group) (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Brotherhood of Locomotive Engineers and Trainmen CSX Western Lines 129's Long-Term Disability Plan and corresponding insurance policy (**Policy No.: 000010199205**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered and/or managed by Lincoln for the benefit of certain

employees of Brotherhood of Locomotive Engineers and Trainmen CSX Western Lines 129 (hereinafter "**Brotherhood**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No.: 1150055494**.

3. Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Benson resides in Franklin, Tennessee, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Middle District of Tennessee.

5. At all times relevant hereto, Mr. Benson was an "employee" of Brotherhood, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a locomotive engineer; however, due to his established disability, he last worked there on or about February 24, 2015.

6. At all times relevant hereto, Brotherhood was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Lincoln was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Lincoln was an

"administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that Lincoln has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits.

8. At the times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator Brotherhood.

9. Under the Plan and/or Policy, Brotherhood delegated or assigned to Defendant Lincoln the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to Lincoln, the Plan/Policy provided that, after the first 24 months of benefits being payable, the analysis of the term "Disability" turns on whether "due to an Injury or Sickness the [Plaintiff] is unable to perform each of the Main Duties of **any Gainful Occupation**." "Gainful Occupation" is defined as "any occupation in which the [Plaintiff] is or

could reasonably become qualified, considering his . . . education, training, experience, mental and physical abilities; could reasonably find employment, considering the demand in the national labor force; and could earn (or reasonably expect to earn) a before-tax income of at least equal to 60% of his . . . Predisability Income, within 12 months of returning to work."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is 61 years old, and his date of birth is in June, 1957.

15. Plaintiff was employed by Brotherhood as a locomotive engineer. When he last worked for Brotherhood, he was earning wages/salary of approximately $77,500.00 per year.

16. Owing to his established medical disability, Mr. Benson's last day of work was on or about February 24, 2015.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include the following: severe idiopathic length-dependent large and small fiber axonal sensorimotor polyneuropathy; chronic neuropathic pain that is refractory to multiple medications; resulting chronic pain and numbness in feet, plus tingling, burning, and pins and needles pain in toes; diminished balance; sensation decreased to light touch to the mid-calves bilaterally; and chronic L4-5 radiculopathy.

18. After he could no longer perform his work for Brotherhood, Mr. Benson applied for and received long-term disability ("LTD") benefits, through and approved by Lincoln. The LTD benefits ran for two years, from approximately May 26, 2015 through May 26, 2017.

19. At that time, however, Lincoln terminated further benefits. The initial denial letter was dated July 31, 2017.

20. Despite due appeal(s) by or on behalf of Plaintiff, Defendant Lincoln has continued to deny LTD benefits. The final denial letter was dated August 24, 2018.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical provider(s), who have confirmed his continuing inability to work.

24. Under any ERISA standard of review that may apply[1], the position taken by Lincoln in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Any Occupation" review, analysis and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

25. Further, Lincoln's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

26. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. He is also

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper Lincoln of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

27. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

28. Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count is intended to cover all cause(s) of action that are available to a Plan participant under 29 U.S.C. § 1132(a); this to include — provided applicable and necessary to afford complete relief — a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or

otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of,

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445 (2011).

continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded; and

E. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 24th day of October, 2018.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Lauren W. Travis, BPR No. 32473
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com

[3] *See, Curtis v. Lincoln Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.