**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**TIMOTHY BENSON,**

**Plaintiff;**

**vs.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (A/K/A LINCOLN FINANCIAL GROUP),**

**Defendant.**

**Case No.: 3:18-cv-01197**
**Judge Richardson**
**Magistrate Judge Holmes**

---

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

---

Plaintiff, Timothy Benson ("Plaintiff"), and Defendant, The Lincoln National Life Insurance Company ("Defendant"), file this Proposed Case Management Order and joint report of the parties pursuant to Federal Rule of Civil Procedure 26 and Local Rule 16.01. Pursuant to Federal Rule of Civil Procedure 26(f), the parties corresponded via e-mail about the proposed schedule below.

**A. Jurisdiction.** The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), (f).

**B. Brief Theories of the Parties.**

**1. Plaintiff.** Timothy Benson worked for the Brotherhood of Locomotive Engineers and Trainmen CSX Western Lines 129 as a locomotive engineer. Due to his medical disability, Mr. Eberle's last day of work was on or about February 24, 2015. The medical conditions that form the basis for Mr. Benson's disability include the following: severe idiopathic length-dependent large and small fiber axonal sensorimotor polyneuropathy; chronic

neuropathic pain that is refractory to multiple medications; resulting chronic pain and numbness in feet, plus tingling, burning, and pins and needles pain in toes; diminished balance; sensation decreased to light touch to the mid-calves bilaterally; and chronic L4-5 radiculopathy.

After he could no longer perform his work, Mr. Benson applied for and began receiving long-term disability ("LTD") benefits, through and approved by Lincoln. The LTD benefits were paid for twenty-four months, from approximately May 26, 2015 through May 26, 2017. Defendant then wrongfully terminated further benefits. Despite due appeal(s) by or on behalf of Mr. Benson, Defendant has continued to deny LTD benefits. Thus, Plaintiff makes claim under ERISA for the award of all LTD benefits due, as well as any other LTD-related benefits provided under the Plan/Policy.

**2. Defendant.** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. To be eligible for benefits, Plaintiff must be "totally disabled," as defined by the policy. Plaintiff received benefits for the full duration of the "own occupation" definition of "totally disabled." However, after a full and fair review, Defendant found that Plaintiff was not eligible for benefits under the "any occupation" definition of "totally disabled." Alternative occupation were identified that Plaintiff could perform with his restrictions and limitations so he was not eligible for benefits under the policy.

**C. Issues Resolved.** The parties agree that jurisdiction and venue are proper, and that Defendant was properly served

**D. Issues Still in Dispute.**

**1.** Whether Defendant properly determined that Plaintiff's long-term disability benefits should be terminated.

**2.** Whether the arbitrary and capricious or *de novo* standard of review should apply in this case.

**3.** Whether there is evidence of conflict of interest/bias or violation of due process on the part of Defendant such that discovery is warranted.

**E. Rule 26 Initial Disclosures.** The parties agree that service of the ERISA Administrative Record ("AR") by Defendant on Plaintiff will satisfy the requirements of service of any initial disclosures under Rule 26(a). Defendant shall serve and file the AR in this case in accordance with the schedule set forth in Paragraph F below.

**F. Discovery Plan and AR.** As limited below, the parties jointly propose to the Court the following plan:

1. No party has served discovery at this time.

2. Any discovery taken will be limited by the fact that this is an action seeking the recovery of ERISA benefits under 29 U.S.C. § 1132(a), and as such the Court's review is generally limited to a review of the information available to the claim decision-maker at the time the final benefit determination was made. Defendant contends that discovery may be permitted only after an initial showing demonstrating the existence of bias or some procedural irregularity. Defendant further contends that no discovery is needed or appropriate. Plaintiff believes that certain discovery may be allowed under existing law or a good-faith modification or extension of existing law, including evidence of conflict of interest/bias or violation of due process on the part of the decision-maker (*see*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1 (full and fair review required)). In this regard, Plaintiff cites, *e.g., Kinsler v. Lincoln Nat'l Life Ins.*

*Co.*, 660 F. Supp. 2d 830 (M.D. Tenn. 2009) (the Court permitted certain discovery when procedural challenge made by Plaintiff without a threshold showing of a basis for such challenge). Moreover, there is the possibility that the parties will disagree as to what constitutes the AR. To address these concerns, the parties propose the following schedule with respect to discovery.

3. Defendant shall serve a copy of the AR on Plaintiff no later than **February 20, 2019**. Should Plaintiff have any objection to the content of the AR, such written objection shall be filed on or before **March 6, 2019**.

4. Defendant shall file the AR with the Court by **March 13, 2019**. Defendant will, with the Court's approval hereby granted, file the AR under seal to protect the confidential and private information of Plaintiff.

5. Should Plaintiff seek to take discovery, Plaintiff shall serve or notice such discovery on or before **April 3, 2019**. Plaintiff's service or notice of discovery shall not be considered a waiver by Defendant of the propriety of or acceptance of discovery, either generally or as to specific discovery requests.

6. If Plaintiff serves written discovery requests, Defendant shall (i) respond/object to the proposed discovery or (ii) notify Plaintiff in writing that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking recovery of an ERISA benefit within the timelines described in the *Federal Rules of Civil Procedure*.

7. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith discussions should be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all

discovery motions shall be filed by no later than **<u>May 29, 2019</u>**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

8. Nothing in this plan will be considered as a concession from or waiver by Defendant that discovery is allowable in an ERISA benefits claim.

**G. Motions To Amend Or To Add Parties.** Any motions to amend or add parties shall be filed no later than **<u>March 13, 2019</u>** and must comply with Local Rules 7.01 and 15.01.

**H. Case Resolution Plan & Joint Status Reports.** The parties have developed a plan for resolution of the case that includes at least two independent attempts to resolve the case. By no later than **<u>March 29, 2019</u>**, the parties must submit a joint report confirming that the parties made a first good faith attempt to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report must be filed by no later than **<u>July 19, 2019</u>**, and shall confirm the parties' second good faith attempt at case resolution or update the Court on the status of the intended second attempt. If a judicial settlement conference is requested in either joint report, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**I. Dispositive Motions.**

1. This is a claim for ERISA benefits under 29 U.S.C. §1132(a), and will thus likely ultimately be decided on the parties' respective cross-motions for judgment on the record (*see generally Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998)). Such respective cross-motions by the parties must be filed by **August 2, 2019**; or if any motions or other issues concerning discovery remain pending as of that date, within **sixty (60) days** after resolution of discovery motions and the conclusion of any subsequent discovery. Responses/oppositions to such motions are due within **twenty-eight (28) days** of said motions being filed. Reply briefs in response to same are due within **fourteen (14) days** of said responses/oppositions being filed.

2. Initial and response briefs shall not exceed twenty-five (25) pages. Reply briefs are limited to five (5) pages.

3. No motion for **partial** summary judgment shall be filed except upon leave of Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the Court.

**J. Electronic Discovery.** If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

**K. Requests to Seal Documents or Portions of Documents.** Any party requesting that documents or portions of documents be sealed (other than the AR provided for above), including without limitation for use as exhibits at any evidentiary hearing, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**L. Modification of Case Management Order.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be

necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**M. Subsequent Case Management Conference(s).** Given the nature of this ERISA action, the parties do not anticipate the need for any subsequent case management conference(s).

**N. Estimated Trial Time and Target Trial Date.** The parties agree that this ERISA action will likely be decided on cross-motions for judgment on the record. However, Plaintiff asserts that there may be disputed factual issues, for example the presence of a conflict of interest/bias, which may require a trial (or at least an evidentiary hearing) on those issues if this case is not resolved by cross-motions. At this time, though, a trial is not anticipated.

SO ORDERED this ____ day of ____________________, 2019.

______________________________
BARBARA D. HOLMES, United States Magistrate Judge

APPROVED FOR ENTRY:

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ Lauren W. Travis
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Lauren W. Travis, BPR No. 032473
Parkway Towers
404 James Robertson Parkway, Ste. 1623

Nashville, TN 37219
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com

*Attorneys for Plaintiff*

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers, Texas Bar #16452560
*Admitted pro hac vice*
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

**BAKER DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC**

Sye T. Hickey, BPR No. 032953
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Fax: (615) 744-734
shickey@bakerdonelson.com

*Attorneys for Defendant*